IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS J. VANDERPOOL, | : |
| Petitioner | : CIVIL ACTION NO. 4:CV-05-1737 |
| v. | : (Judge Jones) |
| RALPH C. YOUMANS, et al., | : |
| Respondents | : |

### ORDER

August 1, 2006

Petitioner, Dennis J. Vanderpool ("Petitioner" or "Vanderpool"), filed the instant Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254. Petitioner attacks a conviction imposed by the Court of Common Pleas for Bradford County, Pennsylvania. (Rec. Doc. 1). On February 17, 2006, a response to the Petition was filed. (Rec. Doc. 14). Respondents argue that the Petition should be dismissed for Plaintiff's failure to exhaust state court remedies. This Court, however, finds that the statute of limitations bars consideration of the Petition. Because the district court sua sponte raised the statute of limitations bar by Order of July 6, 2006, Petitioner was granted fifteen (15) days within which to argue in favor of the

timeliness of his Petition. (Rec. Doc. 15). Petitioner has failed to respond to the Court's Order. Thus, for the reasons that follow, the Petition will be dismissed as untimely.

**Background**

Respondents' submission indicates the following.[1] On May 11, 2004, Vanderpool entered a plea of nolo contendere to Receiving Stolen Property and to Persons Not to Posses, Use, Manufacture or Transfer Firearms. (Rec. Doc. 14). On July 1, 2004, he was sentenced to a term of imprisonment of 15 to 33 months, to be followed by a 12 month term of probation. Id. Although the Court issued a post-sentence advisory form, Vanderpool did not file any post-sentence motions, direct appeals to the Superior Court of Pennsylvania or collateral petitions under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546.

On August 25, 2005, Vanderpool filed the instant Petition in which he raises various challenges to his conviction and sentence. (Rec. Docs. 1, 5). In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Vanderpool that he could

---

[1] Although given an opportunity to file a traverse to the response, the Petitioner did not file any reply. (Rec. Doc. 8).

2

either have the Petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his Petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Rec. Doc. 6). On October 31, 2005, Vanderpool returned the notice of election form, indicating that he wished to proceed with his Petition as filed. Rec. (Doc. 7). Thus, a Show Cause Order was issued on December 12, 2005. (Rec. Doc. 8). On December 20, 2005, Vanderpool was granted parole. (Rec. Doc. 14). On February 17, 2006, the District Attorney of Bradford County filed a response to the Petition. (Rec. Doc. 14). No traverse has been filed.

**Discussion**

There is a one-year statute of limitations for filing a § 2254 federal petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). For our purposes, that period starts to run from the date the conviction becomes final, defined in § 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

On July 1, 2004, Vanderpool was sentenced to a term of imprisonment of 15

to 33 months, followed by a one-year term of probation. No direct appeal or collateral attack of these convictions has ever been filed. Thus, his conviction became final on August 2, 2004, the day the time period for filing a direct appeal with the Superior Court expired.[2] Thus, the limitations period for filing a § 2254 petition commenced on August 2, 2004, giving Petitioner until August 2, 2005 to file his federal petition, absent statutory or equitable tolling[3] of the period. However, Vanderpool did not commence the instant proceedings until August 25, 2005, more than twenty days after the expiration of the statue of limitations. Thus, the Petition for habeas corpus relief under § 2254 appears to be barred by the statute of limitations.

However, the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as

---

[2] In Pennsylvania, a criminal defendant has thirty days from the date of his sentence to file a direct appeal with the superior court. See Pa.R.Crim.P. 720(a)(3). However, in Vanderpool's case the thirtieth day fell on Saturday, giving him until the following Monday, August 2, 2004, to file an appeal. See Pa.R.Crim.P. 101(C); 1 Pa. C.S. § 1908 (computation of the last day of a time period excludes Saturday, Sunday, and federal and state holidays); see also Commonwealth v. Baker, 547 Pa. 214, 221 690 A.2d 164, 167 (1997)("the Rules of Criminal Procedure are to be construed in accordance with the rules of statutory construction"); Commonwealth v. Green, 862 A.2d 613, 617-18 (Pa. Super. 2004)(en banc).

[3] The limitations period is tolled for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, because Vanderpool did not petition for any type of collateral review of his conviction, equitable tolling is not applicable.

untimely filed if there exists an equitable basis for tolling the limitations period. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted). There is, however, absolutely no evidence of record to account for the delay in filing the instant Petition. As such, equitable tolling is inapplicable in this matter. The Petition will be dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a Certificate of Appealability. See 28 U.S.C. § 2253(c).

John E. Jones III
United States District Judge